Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001019
25-MAY-2018
08:11 AM

NO. CAAP-14-0001019

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF STEPHANIE C. STUCKY,
Complainant-Appellant,
v.
DWIGHT TAKENO, HSTA Interim Executive Director, RAY
CAMACHO, HSTA Deputy Executive Director, ERIC NAGAMINE,
HSTA UniServ Director, DAVID FORREST, HSTA Uniserve
Director, and HAWAI'I STATE TEACHERS ASSOCIATION,
Respondents-Appellees,
and
HAWAI'I LABOR RELATIONS BOARD, State of Hawai'i,
Intervenor-Agency-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0704(2))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Chan, JJ.)

In this appeal arising out of a termination dispute
before Intervenor-Agency Appellee Hawaii Labor Relations Board,
Complainant-Appellant Stephanie Stucky appeals from the Circuit
Court of the Second Circuit's ("Circuit Court")[1] June 27, 2014
Final Judgment in favor of Respondents-Appellees Dwight Takeno,
Ray Camacho, Eric Nagamine, David Forrest, and Hawaii State
Teachers Association (collectively, "Union"), and the Board.  The
Final Judgment was entered pursuant to the March 25, 2013
Findings of Fact, Conclusions of Law and Order which affirmed the
Board's Order No. 2854 dismissing Stucky's prohibited practices
complaint against the Union as moot.

---

[1]     The Honorable Peter T. Cahill presided.

Stucky was a teacher with the State of Hawaii, Department of Education ("DOE"). On May 1, 2009, she was notified of an unsatisfactory performance review and the DOE's intention to terminate her employment. The Union, on behalf of Stucky, filed a Step 2 grievance with the DOE contesting the discharge action (the "Termination Case"). In a decision dated July 13, 2009, the DOE concluded that Stucky was properly terminated. The Union timely notified DOE of its intent to arbitrate the Termination Case on July 15, 2009.

When the Termination Case did not proceed promptly to arbitration, Stucky filed the instant complaint with the Board on October 27, 2009, alleging that Union, in the course of representing her in the Termination Case, failed to maintain their duties in good faith, and committed prohibited practices under Hawaii Revised Statutes ("HRS") section 89-13(b) ("Prohibited Practices Case").[2] Specifically, Stucky alleged that Union failed to commence arbitration in her case in conformance with the timelines established by the Collective Bargaining Agreement ("Agreement").

The Termination Case proceeded to arbitration on May 12, 2010, concluding with an arbitration award vindicating the termination and awarding nothing to Stucky. The arbitration award noted that the parties stipulated that the matter was arbitrable, and that the preliminary steps leading to arbitration had either been met or waived, and the matter was properly before

---

[2]     HRS section 89-13(b) provides that:

> (b)     It shall be a prohibited practice for a public employee or for an employee organization or its designated agent wilfully to:
> (1)     Interfere, restrain, or coerce any employee in the exercise of any right guaranteed under this chapter;
> (2)     Refuse to bargain collectively in good faith with the public employer, if it is an exclusive representative, as required in section 89-9;
> (3)     Refuse to participate in good faith in the mediation and arbitration procedures set forth in section 89-11;
> (4)     Refuse or fail to comply with any provision of this chapter; or
> (5)     Violate the terms of a collective bargaining agreement.

Haw. Rev. Stat. § 89-13 (Supp. 2008).

2

the arbitrator.

On May 21, 2012, Union filed a motion with the Board to dismiss the prohibited practices complaint because the claim was now moot. The Board agreed and dismissed the complaint in Order No. 2854. Stucky appealed to the Circuit Court, which affirmed the Board's order.

On appeal, Stucky contends that the Circuit Court erred in affirming the Board's dismissal of her complaint as moot, specifically challenging the Circuit Court's affirmation of Findings of Fact ("FOF") 23 and 24 and Conclusions of Law ("COL") 6, 8, 9, 10, and 11 contained in Order No. 2854.[3] Stucky argues that the issue is not moot as the Union's practice is both a matter of public concern and one that is capable of repetition yet evading review.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Stucky's point of error as follows and affirm.

"It is axiomatic that mootness is an issue of subject matter jurisdiction. Whether a court possesses subject matter jurisdiction is a question of law reviewable *de novo*." *Cnty. of Hawai'i v. Ala Loop Homeowners*, 123 Hawai'i 391, 403-04, 235 P.3d 1103, 1115-16 (2010) (emphasis added) (quoting *Hamilton ex rel. Lethem v. Lethem*, 119 Hawai'i 1, 4-5, 193 P.3d 839, 842-43 (2008)). As a preliminary matter, we must determine that Stucky's claim is indeed moot before we consider possible exceptions to the mootness doctrine.

Stucky's claim for relief relate directly to her Termination Case. Stucky demanded that Union cease and desist

---

[3] Stucky presumably also challenges the March 25, 2013 Findings of Fact, Conclusions of Law and Order, specifically, FOF 18 (finding that the Circuit Court "cannot state that the Board's Findings of Fact Nos. 23 and 24 . . . were clearly erroneous"), COL 12 (concluding that "given the totality of the record in this particular case and the arbitration that proceeded specifically, the Court cannot say that Board Conclusions of Law Nos. 6 and 8 were wrong under the right-wrong standard"), and COL 18 (concluding that "[t]herefore, the Court cannot say the Board erred as a matter of law in Conclusions of Law Nos. 9 and 10), but makes no argument specific to those FOF or COL.

the alleged prohibited practice, namely failing to conform to the Agreement's timelines.  She also demanded that Union bring her termination proceeding to arbitration as soon as possible.  Subsequent to filing the complaint, but prior to the hearing in the Prohibited Practices Case, the Termination Case was arbitrated, and Stucky's termination was upheld.

> It is well-settled that the mootness doctrine encompasses the circumstances that destroy the justiciability of a case previously suitable for determination. A case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where "events ... have so affected the relations between the parties that the two conditions for justiciability relevant on appeal—adverse interest and effective remedy—have been compromised."

*In re Thomas*, 73 Haw. 223, 225-26, 832 P.2d 253, 254 (1992) (quoting *Wong v. Bd. of Regents, Univ. of Hawaii*, 62 Haw. 391, 394, 616 P.2d 201, 203-04 (1980)).

Here, Stucky has already received the relief that she sought in her Prohibited Practices Case.  Additionally, as in *Thomas*, the relationship between the parties has been altered, in this case terminated, such that the controversy is no longer alive, and the Board could afford her no meaningful remedy.  *See Brownlow v. Schwartz*, 261 U.S. 216, 217-18 (1923) (finding moot a case where "[a]n affirmance would ostensibly require something to be done which had already taken place.  A reversal would ostensibly avoid an event which had already passed beyond recall.")  Accordingly, Stucky's claim is moot, and we proceed to consider whether any exceptions apply.

Stucky contends that her complaint represents an exception to the mootness doctrine, in that it is a matter of public interest.  In support, she relies upon the fact that the Union represents 13,000 employees.[4]  Further, she argues that "a union could provide the arbitration eventually (as in Stucky's case) even though it failed to follow the clear and unambiguous terms regarding timelines to arbitrate."

---

[4]    Stucky also refers to "[t]he decision of the union to willfully comply or willfully fail to comply with the [Agreement] is an important public policy that must be enforced."  She does not subsequently clarify this statement, so it is unclear on what basis she contends that an agreement between an employer and its employees is a matter of public concern.

"When analyzing the public interest exception, this court looks to (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for future guidance of public officers, and (3) the likelihood of future recurrence of the question." *Hamilton*, 119 Hawai'i at 6-7, 193 P.3d at 844-45 (brackets omitted) (quoting *Doe v. Doe*, 116 Hawai'i 323, 327, 172 P.3d 1067, 1071 (2007)). Often, a dispute between a union and a government employer is a matter of public interest. *See State v. Nakanelua*, 134 Hawai'i 489, 503, 345 P.3d 155, 170 (2015) (holding that a dispute between the state and a union representing state employees was public in nature); *accord Kaho'ohanohano v. State*, 114 Hawai'i 302, 333, 162 P.3d 696, 727 (2007) (finding that a dispute fell within the public interest exception because the outcome would impact all state employees).

The nature of the claims and the potential impact on the public and the issues of alleged public interest in this case, however, are significantly different from those in *Nakanelua* or *Kaho'ohanohano*. The supreme court has expanded on this point, stating:

> the cases in this jurisdiction that have applied the public interest exception have focused largely on political or legislative issues that affect a significant number of Hawai'i residents. For example, in *Doe*, we held that the public interest exception applied because it was "in the public's interest for this court to review the family court's ruling that Hawaii's grandparent visitation statute [was] unconstitutional on its face." 116 Hawai'i at 327, 172 P.3d at 1071. Additionally, in *Kaho'ohanohano v. State*, 114 Hawai'i 302, 162 P.3d 696 (2007), this court held that the subject appeal was of a public nature because the outcome would affect all state and county employees. Id. at 333, 162 P.3d at 727. Likewise, in *Right to Know Committee v. City & County of Honolulu*, 117 Hawai'i 1, 175 P.3d 111 (App.2007), the ICA held that the question presented was of a public nature because the issue whether the City council must conduct its business in full view of the public and in compliance with the Sunshine Law was more public in nature than private. *Id*. at 9, 175 P.3d at 119. In the instant case, Father has not provided any evidence in the record that the issues presented in his appeal involve political or legislative matters that will affect a significant number of people. Thus, inasmuch as Father's appeal is of a purely personal nature, it fails to meet the first prong of the public interest exception.

*Hamilton*, 119 Hawai'i at 7, 193 P.3d at 845.

In the instant case, Stucky litigates on behalf of herself, rather than as a class representative in a class-action.

The right she seeks to enforce and the remedies she pleads are all personal to her.  As such, her claims are more like those in *Hamilton* where the remedies are personal in nature.  Stucky contends that the fact that the Union represents 13,000 employees implicates the public interest exception, but fails to explain how a private claim alone, even when brought against a sizable employer, implicates a matter of public interest.  Accordingly, Stucky fails to establish application of the public interest exception.

Stucky also argues that her claims are not moot because they are capable of repetition, yet evade review.  She argues that "a union could provide the arbitration eventually (as in Stucky's case) even though it failed to follow the clear and unambiguous terms regarding timelines to arbitrate."

> The phrase, "capable of repetition, yet evading review," means that a court will not dismiss a case on the grounds of mootness where a challenged *governmental action* would evade full review because of the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit.

*Life of the Land v. Burns*, 59 Haw. 244, 251, 580 P.2d 405, 409-10 (1978) (emphasis added).  Stucky's contention fails for two reasons.  First, the Union defendant is not charged with "governmental action."  Second, the exception applies specifically to the parties, not to similarly situated hypothetical parties.  *See Wong*, 62 Haw. at 396, 616 P.2d at 205 (holding that a student's claim, seeking to enjoin his school from disciplining him, was moot and not within the exception where he was no longer a student and stating, "[t]he controversy between the parties has thus clearly ceased to be definite and concrete and no longer touches the legal relations of parties having adverse legal interest." (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937))); *see also Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1131 (9th Cir. 1986) (stating that "[t]his exception is applicable, however, only in exceptional situations where the plaintiff can show that *he* will again be subject to the same injury.")

The "capable of repetition, yet evading review" exception requires that the aggrieved party be at risk of

receiving the same harm from the same party. *Wong*, 62 Haw. at 396, 616 P.2d at 204-05 (holding that a former student that suffered no enduring harm from an incomplete disciplinary proceeding could not seek declaratory relief because the end of the parties' relationship prevented the possibility of any recurrent harm). Stucky is no longer a member of the Union and does not seek reinstatement. Accordingly, she fails to "show that the subject complained of could 'reasonably be expected to recur'", *Life of the Land*, 59 Haw. at 252, 580 P.2d at 410 (quoting *United States v. Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)), and thus fails to establish application of the capable of repetition, yet evading review exception.

Therefore, the June 27, 2014 Final Judgment and the March 25, 2013 Findings of Fact, Conclusions of Law and Order entered in the Circuit Court of the Second Circuit are affirmed.

DATED: Honolulu, Hawaiʻi, May 25, 2018.

On the briefs:

Shawn A. Luiz
for Complainant-Appellant.

Rebecca L. Covert and
Herbert R. Takahashi
(Takahashi and Covert)
for Respondents-Appellees.

Presiding Judge

Associate Judge

Associate Judge